■ ROBERT COOPER et al., Appellants, v MOBIL OIL CORPORATION, Respondent. [694 NYS2d 65] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 11, 1999, which granted defendant's motion to change venue, unanimously reversed, on the law, without costs, and defendant's motion denied.

Plaintiffs commenced this personal injury action against defendant based upon alleged Labor Law violations and designated New York County as venue by reason of defendant's certificate of incorporation which named New York County as the location of its principal office. Supported by an affidavit from a corporate officer, defendant moved to change venue to Suffolk County, plaintiffs' county of residence, upon the ground that defendant had no principal office or place of business in New York when this action was commenced and that the defendant's principal office is, in fact, located in Fairfax County, Virginia. Although CPLR 503 (c) deems a corporation to be a resident of the county in which its principal office is located, Business Corporation Law § 402 requires that a corporation list on its certificate of incorporation a location within New York State for its principal place of business. Defendant designated New York County in that manner and plaintiffs properly relied upon

that designation in selecting venue (*Lewis v McDonald's Corp.*, 192 AD2d 330; *Di Giovanni v Pepsico, Inc.*, 91 AD2d 519). Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.